T.C. Memo. 2010-241

UNITED STATES TAX COURT

ROSS P. AND JANE M. THOMANN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4017-09.                    Filed November 1, 2010.

<u>Bob A. Goldman</u>, for petitioners.

<u>Stephen A. Haller</u>, for respondent.


MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies and
accuracy-related penalties under section 6662(a)[1] with respect to
petitioners' income taxes for 2004, 2005 and 2006 (the years at

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

issue). For 2004 respondent determined a $17,603[2] deficiency and a $3,521 penalty. For 2005 respondent determined a $46,092 deficiency and a $9,218 penalty. For 2006 respondent determined a $17,348 deficiency and a $3,470 penalty.

After concessions, there are two issues to decide. The first issue is whether petitioners as non-corporate lessors may expense under section 179 for the years at issue their cost bases in various assets used in the farm operation when they do not have a written lease. We hold that they may not. The second issue is whether petitioners are liable for the penalties. We hold that they are.

## Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the stipulation of settled issues and their accompanying exhibits are incorporated by this reference. Petitioners resided in Columbus Junction, Iowa at the time they filed the petition.

Petitioners owned and operated a 504 acre farm. Around 2000 petitioners orally agreed to lease 124 acres of their farmland as well as various buildings, grain storage bins and equipment to Circle T Farms, Inc. (Circle T), a hog farrow-to-finish business

---

[2]All monetary amounts are rounded to the nearest dollar, unless otherwise indicated.

petitioners owned.[3]  Petitioners and Circle T never memorialized the lease in writing.

Petitioners caused Circle T to prepare annual minutes for 2000 and for the years at issue.  The annual minutes for 2000 stated that Circle T would pay petitioners $70,000 annually to lease the various buildings, grain storage bins and equipment.  The annual minutes for the years at issue, however, failed to specify what property Circle T was "renting" from petitioners and did not provide details of any changes or additions to the lease.  The annual minutes for the years at issue merely provided the dollar amounts without describing the property being "leased."

Petitioners leased the remaining 380 acres of their farmland to C & A, Inc. (C & A), an unrelated party, during the years at issue.  Petitioners and C & A did not memorialize the lease in writing.  Petitioner Ross Thomann (Mr. Thomann) and C & A apparently also orally entered into a farming agreement in 1985 yet did not memorialize the farming agreement in writing until 2006.  The 2006 written farming agreement "covered any future year[']s crops, so long as neither party requested a change on or before Sept[ember] 1 of the calendar year."  Mr. Thomann and C & A used the 380 acres of farmland petitioners leased to C & A in their farming agreement but failed to include or summarize the

---

[3]Farrow-to-finish operations raise hogs from birth to slaughter weight, about 240 to 270 pounds.

lease terms for the farmland in the 2006 written farming agreement.

Petitioners hired a tax adviser to prepare and file their Federal income tax returns for the years at issue. Petitioners elected to expense under section 179 the full costs of various farm-related property purchased during the years at issue. Petitioners expensed on their return for 2004 $52,000 for drainage tile and a fence installed on the land petitioners leased to C & A and $10,000 for materials to remodel their farm office (office materials), including furniture and fixtures. Petitioners expensed on their return for 2005 $63,488 for a grain bin. Petitioners expensed on their return for 2006 $8,467 for a pickup truck and $31,000 for a grain bin and a grain dryer. The parties stipulate that the grain bins and the grain dryer were orally leased to Circle T, yet neither party has provided documentation showing the terms of the leases.

Respondent examined petitioners' returns for all years at issue. As relevant here, respondent disallowed petitioners' section 179 expense deductions for the farm-related property.

Respondent issued petitioners the deficiency notice, and petitioners timely filed a petition.

## Discussion

We must decide whether petitioners may expense farm-related property when they lease the farmland orally and no document

contains any material terms regarding the personal property. Respondent argues that petitioners failed to establish that the office materials deducted in 2004 were section 179 property and therefore petitioners may not deduct the office materials under section 179. Respondent also contends that as non-corporate lessors, petitioners are barred from claiming a section 179 deduction for the amounts paid for the grain bins, grain dryer, drainage tile, pickup truck and fence. Petitioners counter that all farm-related property is section 179 property and that they qualify for an exception to the non-corporate lessor limitation. We shall consider the parties' arguments after first addressing the burden of proof.

It is a fundamental tax principle that the Commissioner's determinations are generally presumed correct, and taxpayers bear the burden of proving otherwise. Rule 142(a). Accordingly, petitioners have the burden of proof as to whether they may expense the cost bases of the farm-related property under section 179.

Moreover, tax deductions are a matter of legislative grace, and taxpayers must show that they are entitled to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940). Taxpayers must keep sufficient records to substantiate their deductions and enable the Commissioner to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43

T.C. 824, 831-832 (1965). In the case of section 179 deductions, the taxpayer must maintain records reflecting how and from whom the section 179 property was acquired and when it was placed in service. Sec. 1.179-5(a), Income Tax Regs. In addition, the section 179 election must specify the total section 179 expense claimed and specify the portion of that deduction allocable to each item. Sec. 179(c)(1); sec. 1.179-5(a), Income Tax Regs.

We now consider whether petitioners may deduct the cost bases of the farm-related property under section 179. For property to qualify as section 179 property, it must be classified as section 1245 property. See sec. 179(d)(1)(B). Respondent does not dispute that the grain bins, grain dryer, drainage tile, pickup truck and fence qualify as section 179 property. Respondent argues, however, that petitioners failed to establish that the office materials qualify as section 1245 property, and therefore those materials do not qualify as section 179 property. We now focus on the specific property.

Office Equipment

The parties stipulated that petitioners purchased office materials to remodel petitioners' office, and the office materials included office furniture and fixtures. Section 1245 property does not include a building or its structural components. Sec. 1245(a)(3)(B). "Structural components" include plumbing fixtures, lighting fixtures and other components related

to the operation and maintenance of the building. See sec. 1.48-1(e)(2), Income Tax Regs. (defining "structural components" for purposes of section 1245); sec. 1.1245-3(c)(2), Income Tax Regs. (making definition in section 1.48-1(e), Income Tax Regs. applicable to section 1.1245-3(c)(1), Income Tax Regs.).

We cannot determine whether the office materials qualify as section 1245 property. Petitioners failed to present any evidence showing what office materials were expensed on their return for 2005. Petitioners also failed to satisfy the section 179 substantiation requirements and therefore have not met their burden. Accordingly, petitioners are denied a section 179 deduction for the office materials.

Grain Bins, Grain Dryer, Drainage Tile, Pickup Truck and Fence

We now consider the grain bins, grain dryer, drainage tile, pickup truck and fence. While the entire cost of section 179 property may generally be deducted in the year of purchase, a taxpayer generally will not be permitted a section 179 deduction if the taxpayer is not a corporation and the taxpayer purchased the property for leasing purposes. Sec. 179(d)(5). The parties do not dispute that petitioners are non-corporate lessors of the farm-related property. Petitioners argue, however, that they fall within an exception to this limitation.

Non-corporate lessors may expense the cost basis of section 179 property by meeting a two-prong test. First, the term of the

lease, taking into account options to renew, must be less than 50 percent of the class life of the leased property. Sec. 179(d)(5)(B). Second, petitioners' section 162 business expenses for the leased property claimed during the initial 12-month period following the transfer of the property to the lessee must exceed 15 percent of the rental income produced by such property. Id.

Petitioners assert that they satisfied the first prong because they annually renewed the terms of the leases of their farm-related property with Circle T and C & A. Petitioners therefore contend that the lease term is a year long so as to be less than 50 percent of the class life of the farm-related property. Respondent argues the lease terms are indefinite and therefore petitioners cannot satisfy the first prong. We agree.

All lease agreements between petitioners and Circle T and C & A were oral, and none of the farm-related property lease agreements was memorialized in writing. Moreover, petitioners have not presented any evidence regarding the terms for the leased farm-related property. The failure of a party to introduce evidence, which, if true, would be favorable to that party gives rise to the presumption that the evidence would be unfavorable if produced. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioners assert that Circle T's annual minutes

support their claim that they had an annual lease with Circle T covering the pickup truck, grain dryer and two grain bins.  We disagree.  The annual minutes do not mention any of the farm-related property.  Moreover, the minutes fail to establish that petitioners leased the pickup truck, grain bins or grain dryer annually to Circle T.

Petitioners also contend that we should look to the 2006 written farming agreement with C & A to determine that the drain tile and the fence were subject to an annual lease.  Petitioners expensed the cost bases of the drain tile and the fence in 2004, but there was no written agreement until 2006.  Petitioners have not presented any documentary proof to establish they had a binding annual lease agreement before 2006.

We find that petitioners' lease agreements with Circle T and C & A were for an indefinite period.  Petitioners fail the first prong of the section 179(d)(5)(B) exception because we cannot find that the term of any of the leases is less than 50 percent of the class life of the property.  We need not consider the second prong of section 179(d)(5)(B).  Accordingly, petitioners may not deduct the cost bases of the farm-related property under section 179.

Accuracy-Related Penalties Under Section 6662(a)

We next address the accuracy-related penalties respondent determined in the deficiency notice.  Petitioners ask that we not

impose the penalties because they had a tax professional prepare the return for each year at issue.  Petitioners have not established, however, that their reliance on their return preparer was reasonable or in good faith.  Petitioners failed to submit any evidence showing the return preparer's experience or qualifications and failed to show that they provided all the necessary and accurate information to the return preparer.  We cannot simply accept petitioners' bald assertion that they relied upon the return preparer as a defense against the accuracy-related penalties.  See <u>Peacock v. Commissioner</u>, T.C. Memo. 2002-122.  Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalties under section 6662(a) for each year at issue.

We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.